IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Nayda Cintrón-Luna, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Arlene Collette Román-Bultrón, et al.,<br><br>Defendants. | CIVIL NO. 08-1997 (SEC) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND BRIEF IN SUPPORT**

COMES NOW, Defendant Experian Information Solutions, Inc. (improperly named "Experian Credit Bureau") (hereinafter "Experian"), specially appearing by and through its attorneys, without submitting to the jurisdiction or venue of this forum nor waiving any other defense, and hereby very respectfully states and prays as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

*Pro se* Plaintiff Nayda Cintron-Luna[1] filed suit on September 4, 2008, against Arlene Colette Roman-Bultron of the United States Bankruptcy Court, Honorable Jose Carrion of the United States Bankruptcy Court and its subcontractors and Trustees as well as their representatives as agents of the Court, Honorable Alejandro Oliveras Rivera of the United States Bankruptcy Court its subcontractors and Trustees as well as their representatives as agents of the Court, Suncom/Verizon Wireless and its

---

[1] Plaintiff asserts her causes of action on behalf of herself and "the people of the Commonwealth of Puerto Rico of the United States of America." As a *pro se* litigant, Plaintiff is not an appropriate class representative and cannot maintain class action lawsuits and as Plaintiff has failed to request class certification, Experian will hereinafter refer to Plaintiff in her individual capacity.

subsidiaries and/or subcontractors, Banco Popular of Puerto Rico c/o Richard Carrion and its subsidiaries within Popular Finance Company and Best Finance/Popular Finance, Equifax Credit Bureau, Experian Credit Bureau, Transunion Credit Reporting Agency, Wells Fargo and Wells Fargo Financial Services, Best Finance Company, First Bank of Puerto Rico Transunion Mortgage, NCO Financial Systems, Citi-Bank, Citi-Bank USA, NA, Citi-Bank Citi-Services Corporate Investments, Inc., R-G Mortgage Bank Puerto Rico, NSCB of Nevada and HSBC/RS, First Premier Bank, Nextcard, Inc., Ritz-Carlton Hotel Central Credit and Ritz-Carlton Hotel of Isla Verde, GC Services, LTD Financial Services, P and V Collection Services, Inc., Collegiate Funding Services, and Nelnet Corporation (hereinafter collectively referred to as the "Defendants"), seeking damages and injunctive and declaratory relief for alleged deprivation of "private property, identity," and "organized fraudulent financial transactions."  Plaintiff attempts to allege violations of "Federal laws and regulations as well as the Congress Act of 1998 Identity Theft and Assumption Deterrence Act."   However, Plaintiff never identified which Defendant(s) violated which statute(s) and did not allege any factual basis to support her claims.

  Plaintiff's Complaint should be dismissed as to Experian based on Rule 4(m) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  First, Plaintiff has failed to properly serve Experian as required by Rule 4(m) of the Fed. R. Civ.P.  Second, Plaintiff has failed to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure because (a) Plaintiff cannot legally seek injunctive or declaratory relief against a credit reporting agency under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"); (b) Plaintiff's alleged claims against Experian are

barred by the two year statute of limitations provided by the FCRA; and (c) Plaintiff as a *pro se* litigant is not an appropriate class representative and thus cannot maintain a class action lawsuit. Alternatively, Experian requests a more definite statement under Federal Rule of Civil Procedure 12(e).

II.   **MOTION TO DISMISS UNDER RULE 4(M)**

Plaintiff's Complaint should be dismissed because she failed to comply with Fed. R. Civ. P. 4(m).   Plaintiff filed the Complaint in this action on September 4, 2008. Experian was served via Certified Mail by Plaintiff herself on February 18, 2009.  Rule 4(m) of the Federal Rules of Civil Procedure provide, in pertinent part, that: "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . , shall dismiss the action without prejudice as to that defendant. . . ."  In this case, Plaintiff has failed to comply with Rule 4(m).

The time limit to serve Experian expired on January 2, 2009, that is, 120 days after the Complaint was filed.  Since Experian was served beyond the term allowed by Rule 4(m), the case shall be dismissed as to Experian.  The Plaintiff did not request an extension of time to serve Experian, and she did not show good cause for the failure to serve after the time limit for service had expired.  Based on the above, Experian respectfully requests the case be dismissed as to Experian pursuant to Federal Rule of Civil Procedure 4(m).

III.   **MOTION TO DISMISS UNDER RULE 12(B)(6)**

Experian moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.  While relatively long in length, Plaintiff's Complaint provides no guidance as to factual or legal basis for her claims

against Experian.  The primary focus of Plaintiff's Complaint is her incoherent allegations against the U.S. Bankruptcy Court.  Plaintiff rails against the U.S. Bankruptcy Court related to her 2004 bankruptcy, and she complains that the Bankruptcy Court allegedly kept Plaintiff's funds and supposedly did not protect her from the alleged criminal activity of Ms. Roman-Bultron, a U.S. Bankruptcy Court employee.  *See,* Complaint, at pages 11-12.  The Complaint scantily references Experian at all.  In fact, the Complaint contains a mere six sentences related to the Credit Reporting Agency Defendants collectively, of which Experian is one of them.

Plaintiff presents hardly any factual allegations in her Complaint, instead making generalized and conclusory allegations against all Defendants collectively.  Such attempts are insufficient to notify Experian as to the basis of the claims asserted against it and, therefore, Experian's Motion to Dismiss should be granted.  Further, this Court should dismiss Plaintiff's request for declaratory relief as a private plaintiff cannot seek declaratory or injunctive relief under the FCRA.[2]  Further, Plaintiff herself admits that the actions giving rise to her claims arose as a result of identity theft from May 2004 to December 2005, and were discovered by her around August 2005.  Consequently, the two year statue of limitations under the FCRA has expired as to her claims[3].  Finally, to the extent Plaintiff is considered to have requested class certification, Plaintiff's request should be denied because Plaintiff is proceeding *pro se* and thus, is an inadequate class representative.

---

[2] While it is unclear what causes of action Plaintiff alleges against Experian, as a credit reporting agency, Experian's actions are governed by the FCRA. 15 U.S.C. § 1681 n, o.
[3] *See,* 15 U.S.C. § 1681q.

### A.     APPLICABLE LEGAL STANDARD

In assessing whether dismissal for failure to state a claim is appropriate, the court must take 'plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behalf.' *Buck v. Am. Airlines, Inc.,* 476 F.3d 29, 32 (1st Cir. 2007).  'In conducting that [assessment], however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.' *Id.* at 33; *see also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999).  Therefore, 'even under the liberal pleading standards of Fed. R. Civ. P. 8, the Supreme Court has recently held that to survive a motion to dismiss a complaint must allege a 'plausible entitlement to relief.'' *Rodriguez Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92 (1st Cir. 2007).  Complaints do not need detailed factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  However, factual allegations must be enough to raise a right to relief above the speculative level. *Id.*  *See, also, Maria Benitz-Rodriguez v. Hospital Pavia Hato Rey*, 588 F. Supp. 2d 210, 212-13 (1st Cir. 2008).

Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).  "The threshold for stating a claim may be low, but it is real."  *Id*.  "The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory."  *Id*.

**B.     ARGUMENTS AND AUTHORITIES**

**1.     Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(6) Because It Wholly Fails to State Facts Sufficient to Support a Claim for Relief.**

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA or under any of the other various "Federal laws and regulations as well as the Congress Act of 1998 Identity Theft and Assumption Deterrence Act" alleged to have been violated.  *See,* Complaint at p. 26.  The United States Supreme Court recently confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573; 127 S. Ct. 1955, 1965 (2007).   Accordingly, to survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; 1974.  A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; 1964-65.

Plaintiff does not identify which of the various "Federal laws and regulations" Experian allegedly violated.  Plaintiff also does not explain how Experian violated any of the statutes.  Plaintiff has not even provided Experian with a standard narration of the elements of her cause of action.  Further, Plaintiff fails to include <u>any</u> factual averments as to Experian or as to the manner in which Experian purportedly violated any perceived duty.

In particular, Plaintiff does not state whether she reviewed her credit reports with Experian; whether Plaintiff's credit reports contained inaccurate information; what information on Plaintiff's credit reports was inaccurate and why it was inaccurate;

whether Plaintiff filed any disputes with Experian regarding the inaccurate information; when Plaintiff filed disputes; whether Experian conducted a reinvestigation in response to Plaintiff's dispute(s); the outcome of the reinvestigation(s); whether the alleged inaccurate information continues to report on Plaintiff's credit reports; whether any creditors have accessed Plaintiff's credit reports; and whether Plaintiff suffered any adverse credit decisions on the basis of alleged inaccurate information on Plaintiff's credit reports.  Plaintiff does not even identify the damages she allegedly suffered or that she now seeks to recover from Experian.

Such information is fundamental to any claim by Plaintiff against Experian, including the potential claim of a FCRA violation, and it is wholly lacking from Plaintiff's Complaint.  Accordingly, Plaintiff has failed to allege sufficient facts to support a cause of action under any of the laws upon which her claims are based, and the Court should dismiss her claims under Rule 12(b)(6).

> 2. **Plaintiff's Claim for Declaratory Relief Is Not Available under the FCRA.**

Plaintiff's sole claim for relief as to Experian is seeking declaratory or injunctive relief.  Plaintiff requests "all transactions be sponge [sic] from the plaintiff['s] records with the exemption of keeping those that were entered by the plaintiff prior to the plaintiff filing Bankruptcy."  *See,* Complaint, at page 27.  This Court should dismiss Plaintiff's requests for relief as they are not authorized under the FCRA.  *See, Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *In re Trans Union Corp. Privacy*

*Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.")

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for non-compliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA does grant the power to obtain injunctive relief, but only to the Federal Trade Commission. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Accordingly, Experian respectfully requests that this Court follow the lead of the other courts that have considered this issue, and find that the FCRA does not afford Plaintiff a right to declaratory or injunctive relief under the FCRA. As a result, Experian further requests this Court dismiss Plaintiff's claims against Experian pursuant to Rule 12(b)(6).

### 3. Plaintiff's Claims Should be Dismissed Because the Statute of Limitations has Expired.

While it is unclear what causes of action Plaintiff alleges against Experian, as a credit reporting agency, Experian's actions are governed by the FCRA § 1681(p) of the FCRA, which contains a two year Statute of Limitations provision on all claims brought under the Act.  Thus, claims must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability."  Stated repeatedly throughout the Complaint is the bald allegation that Plaintiff was supposedly a victim of identity theft or fraud from May 2004 to December 2005.  Plaintiff further asserts that in approximately August 2005, she discovered fraudulent activities and initiated a series of actions to solve the situation.  *See,* Complaint, at page 26.

Hence, it can be assumed that the Plaintiff's causes of action, if any, arose on or about August 2005.  *See Bittick v. Experian Infor. Solutions, Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006)  (granting a credit reporting agency's motion to dismiss where Plaintiff's complaint stated that the Plaintiff discovered the inaccuracies in her credit reports in May 2001 and the Plaintiff failed to file suit until June 2005).  Further, additional disputes on an account "cannot restart the limitations clock. To do so would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Id.*

Even if Plaintiff stated a claim for relief under the FCRA (which she did not), the Complaint on its face establishes that such a claim arose in August 2005, well beyond the two year statute of limitations under the  FCRA.  15 U.S.C. § 1681(p).  Plaintiff had until August 2007 to bring this action, and because she did not do so, she is not entitled to relief from Experian.  Plaintiff's Complaint must be dismissed under Rule 12(b)(6) for

failure to state a claim because the statute of limitations has expired on her alleged cause of action.

### 4. Plaintiff Cannot Assert a Class Action and Her Purported Claims Should Be Dismissed.

Plaintiff asserts her causes of action on behalf of herself and "on behalf of the people of the Commonwealth of Puerto Rico of the United States of America." To the extent this assertion is to be construed as a request for class certification, this Court should deny Plaintiff's request and dismiss her claims. "Under Rule 23(a)(4), a class representative must 'fairly and adequately protect the interests of the class.' A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." See, *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Accordingly, dismissal of Plaintiff's purported class action claims is warranted.

## IV. MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(E)

Alternatively, Experian requests that the Court compel Plaintiff to file a more definite statement as to any claims against Experian, thereby allowing Experian the ability to respond to such claims. Again, Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims showing that the pleader is entitled to relief… ." For this reason, Federal Rule of Civil Procedure 12(e) provides that "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." FED. R. CIV. P. 12(e).

A more definite statement is necessary because the basic pleading requirements under Fed. R. Civ. P. 8 have not been met. Plaintiff's Complaint presents only conclusory allegations as to all Defendants collectively, without providing any specific factual averments as to Experian's alleged violations of any applicable Federal Rule or regulation, including the FCRA.

As a result, Experian cannot frame a responsive pleading without making assumptions about Plaintiff's allegations, which Experian is not required to do. As a Defendant, Experian is expected to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which the adverse party relies. FED. R. CIV. P. 8(b). As it stands, the Complaint does not provide allegations sufficiently definite to determine what Plaintiff's claims are premised on, and more importantly, does not provide Experian with the ability to properly state its defenses and comply with its obligations under Rule 8(b).

Accordingly, should the Court not dismiss Plaintiff's Complaint in its entirety, Experian requests that Plaintiff be compelled to amend her claims against Experian and provide a more definite statement as to the basis of said claims.

WHEREFORE, PREMISES CONSIDERED, Experian respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 4(m) for failure to timely serve Experian and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, direct Plaintiff to provide a more definitive statement, within ten days after Notice of the Order and to strike Plaintiff's pleadings if she does not comply with the Order, and for such other relief as the Court deems necessary.

RESPECTFULLY SUMBITTED.

I HEREBY CERTIFY that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record for the parties. Also, I hereby certify that I have served copy of the foregoing by certified mail to the *Pro Se* Plaintiff, Nayda Cintrón-Luna, 4116 N. Marshall Street, Philadelphia, PA 19140.

In San Juan, Puerto Rico, this 17$^h$ day of April, 2009.

   */s/ Ghia M. Pieraldi-Vassallo*
Ghia M. Pieraldi-Vassallo
USDC-PR 223913
E-mail: gpieraldi@fgrlaw.com
**Fiddler, González & Rodríguez, PSC**
PO Box 363507
San Juan, PR 00936-3507
Tel: 787-759-3151
Fax: 787-250-7565

#756800
5243-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Nayda Cintrón-Luna, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Arlene Collette Román-Bultrón, et al.,<br><br>Defendants. | CIVIL NO. 08-1997 (SEC) |

**ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND BRIEF IN SUPPORT**

This Court, having considered Defendant Experian Information Solutions, Inc.'s Motion to Dismiss, or In the Alternative, Motion for More Definite Statement, and Brief in Support, finds that the Motion is well taken and should in all respects be GRANTED in its entirety.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

_____
UNITED STATES DISTRICT JUDGE