IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NAYDA CITRON-LUNA on behalf of the People of the Commonwealth of Puerto Rico of the United States of America,<br><br>      Plaintiffs,<br><br>v.<br><br>ARLENE COLLETTE ROMAN-BULTON, et al.,<br><br>      Defendants. | CIVIL ACTION FILE NO:<br>3:08-cv-01997-SEC |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by Counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Motion to Dismiss all claims asserted against it in Plaintiff's Amended Complaint. For the reasons set forth below, Plaintiff's claims against Equifax should be dismissed.

**INTRODUCTION**

Plaintiff's Amended Complaint (the "Complaint") should be dismissed because it fails to state any legally recognizable claim against Equifax. Instead, it contains 56 pages of rambling, ambiguous, and often unintelligible statements that seem to set out an elaborate "conspiracy theory" involving "wiretapping" and other acts by employees of the United States Bankruptcy Court for the District of Puerto Rico. Her Complaint purports to assert an improbable set of allegations such as "intercepting and listening to the telephone conversations of the plaintiff without authorization" and the transfer of data through Plaintiff's computer and cell phone of

information -- Plaintiff alleges a U.S. Bankruptcy Court Trustee knew information that she had only discussed with her mother via telephone and implies that the judge somehow obtained the information from this alleged transfer of data. (Doc. No. 77 at 3.)

Concerning Equifax, however, the Complaint contains little information. Plaintiff merely declares, in conclusory fashion, that "Equifax failed to cooperate and abide by Federal [*sic*] regulations to sustain and maintained [*sic*] accurate records of financial transactions on the plaintiff [*sic*] name and social security [*sic*]." *Id*. at 39. Plaintiff fails to provide any factual basis for her allegations against Equifax and certainly fails to articulate any claim under the Fair Credit Reporting Act ("FCRA"), the federal statute that governs consumer reporting agencies such as Equifax. Her prayer for relief asks that Equifax be required to expunge certain information from her credit file, but Plaintiff fails to list the specific items she believes should be expunged. *Id.* at 51. Plaintiff also asks for punitive and compensatory damages from "financial institutions" and Equifax, Trans Union LLC, and Experian -- the three national credit reporting agencies -- in the amount of $8 million and punitive and compensatory damages from all of the defendants in the amount of $40 million. *Id*. at 52.

Further, the class allegation claims contained in Plaintiff's Complaint should be dismissed. As a pro se litigant, Plaintiff may not represent anyone other than herself -- including the purported class members, as courts uniformly have held in dismissing efforts identical to that attempted by Plaintiff here. Furthermore, she claims to represent a class of residents of Puerto Rico, yet she resides in Pennsylvania -- meaning that she is not even a member of her own putative class. *Id*. at 56. Accordingly, her class allegations should be dismissed.

In short, Plaintiff's allegations are not remotely sufficient to state a legally cognizable claim against Equifax, and they are patently insufficient to enable Plaintiff to maintain a class action against Equifax. Accordingly, the Complaint against Equifax should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

**I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE TO LACK OF TIMELY SERVICE OF PROCESS.**

Plaintiff's Complaint should be dismissed since it was not served upon Equifax within 120 days after the Complaint was filed. The Complaint was filed on September 4, 2008. Equifax was not served until February 15, 2009. Plaintiff similarly failed to timely serve defendant Experian, and Experian has filed its own motion to dismiss in this case, grounding its motion in part on Plaintiff's failure to effect timely service on it. (Doc. No. 76, hereinafter referred to as the "Experian Motion.") In order to avoid duplication, Equifax adopts Section II of the Experian Motion, which sets forth the requirements of Federal Rule of Civil Procedure 4(m) and requires service within 120 days from the filing of a complaint. It is undisputed that Plaintiff did not satisfy Rule 4(m)'s timeliness requirements for service on Equifax. Consequently, the Court need go no further in dismissing the Complaint as to Equifax.

**II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6).**

    **A.   Plaintiff's Allegations Do Not Satisfy Rule 8.**

A motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). The complaint must, therefore, set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory. *Id.* Further, Rule 12(b)(6) must be read in conjunction with Rule

3

8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  If the plaintiff can prove no facts that would entitle him to relief, dismissal for failure to comply with Rule 8(a)(2) is appropriate. *Id*.; *see also Swierkiwicz v. Sorema*, 534 U.S. 506, 514 (2002).

As the First Circuit has held, "[t]he fundamental purpose of our pleadings rules is to protect a defendant's 'inalienable right to know in advance the nature of the cause of action being asserted against him.'" *Ruiz Rivera v. Pfizer Pharmaceuticals LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995)). Further, the Court need not credit complaints that are supported only by bald assertions and unsupportable conclusions. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *Ramos v. Potter*, No. 07-2101 (JAG), 2009 WL 959535, at *2 (D.P.R. Mar. 31, 2009).

Here, Plaintiff's Complaint reads more like a bad conspiracy-theory novel than a valid recitation of any legally recognizable claim against Equifax.  Plaintiff vaguely asserts that the defendants "violated the federal laws, statutes, and regulations" and further purports to assert negligence and violations of "plaintiff's privacy, constitutional rights, information rights, and consumer's rights." (Doc. No. 77 at 6, 8.)  Plaintiff, however, does not state which laws and statutes she is referring to nor the specific acts and/or omissions that led to their alleged violation.  Such empty allegations are insufficient to state a claim against Equifax. *See, e.g., Martinez-Machicote v. Ramos-Rodriguez*, 553 F. Supp. 2d 45, 49-50 (D.P.R. 2007) (dismissing complaint alleging conspiracy by prison officials where complaint lacked specificity); *Hernandez v. Ballesteros*, 333 F. Supp. 2d 6, 12 (D.P.R. 2004) (dismissing complaint for failure

to state a claim where plaintiff failed to allege cause of action with requisite specificity).

Further, Plaintiff has already been given one opportunity to amend her Complaint in this case. She should have used the opportunity to file an Amended Complaint to cure the deficiencies in her pleading against Equifax. Instead of doing so, her Amended Complaint states the same unintelligible claims against Equifax as did her original Complaint. Given the vague, ambiguous, and sometimes bizarre statements and allegations contained in the current, amended iteration in Plaintiff's Complaint, there is no way that Equifax can conduct an investigation, file an answer, and/or otherwise decide how to respond to them. This case presents a perfect example of a claim that is ripe for dismissal. Plaintiff's claims against Equifax should, therefore, be dismissed.

**B.      Plaintiff's Claims Should Be Dismissed Because They Are Time-Barred By The FCRA's Two-Year Statute Of Limitations.**

While most of Plaintiff's Complaint is impossible to understand, one thing is clear -- Plaintiff knew about her potential claims as early as 2004. (Doc. No. 77 at 4.) Plaintiff admits that she made numerous complaints of the alleged "fraudulent financial transactions that appear[ed] in the credit reports" between October 2004 and June 2006. *Id*. Plaintiff also states that in August 2005 she "made a complaint … requesting the cease and desist of Mrs. Collette-Roman Bultron [*sic*] harassments, interventions with the plaintiff's communication systems and fraudulent financial activity." *Id*. at 21.

It is, therefore, clear that Plaintiff knew about the alleged fraudulent activities and inaccuracies in her credit reports as early as October 2004. Plaintiff's Complaint was filed on September 4, 2008. Any claim that Plaintiff discovered prior to September 4, 2006 arising from a violation of the FCRA is time-barred since the statute of limitations under the FCRA is two years. *See* 15 U.S.C. § 1681p (an action to enforce any liability created by the FCRA must be

brought not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs); *see TRW, Inc. v. Andrews*, 534 U.S. 18, 28 (2001) (holding that the FCRA two-year statute of limitations runs from the date on which the liability arises subject to a single exception for cases involving a defendant's willful misrepresentation of material information).

> C. **Plaintiff's Claims For Injunctive And/Or Declaratory Relief Should Be Dismissed As No Such Relief Is Available Under The FCRA.**

Plaintiff asks for the "clearance of all debts reported on the … Equifax credit reports for mortgages, unsecured accounts, personal loans … as to clear the plaintiff [*sic*] history from the last reported totals."   (Doc. No. 77 at 51.)   In other words, Plaintiff seeks injunctive or declaratory relief from Equifax, Trans Union, and Experian.

Sections 1681n and 1681o of the FCRA set forth the potential remedies for noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  As court after court has held in dismissing such claims, if Congress had intended to give private litigants the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o.  *See*, *e.g.*, *Washington v. CSC Credit Serv., Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000);  *Johnson v. Equifax Inc.*, 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007); *Mangio v. Equifax Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995).

Accordingly, the majority of courts in other circuits have held that there is no injunctive relief for private litigants under the FCRA.  *See*, *e.g., Washington* at 268-69 (no injunctive relief for plaintiff under the FCRA)*; Jarrett v. Bank of America*, 421 F. Supp. 2d 1350, 1353 (D. Kan.

6

2006) ("[u]nder the FCRA, only the Federal Trade Commission can seek injunctive relief from a consumer reporting agency … [i]ndividual consumers are limited to the remedies provided under the FCRA, *i.e.* damages and attorney fees"); *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) ("[p]rivate plaintiffs cannot seek injunctive relief under the FCRA"); *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005) ("the FCRA does not authorize equitable relief to private parties"); *Owner-Operator Independent Driver Ass'n, Inc. v. Usis Commercial Services, Inc.*, 410 F. Supp 2d 1005, 1009 (D. Colo. 2005) (holding that "that equitable relief is not available to private litigants under the FCRA"); *White v. First American Registry, Inc.*, 378 F. Supp. 2d 419, 424 (S.D.N.Y. 2005) ("The Court thus agrees with the *Washington* panel that the absence of any express provision for injunctive relief in Sections 1681n and 1681o, coupled with the express authorization of such relief on behalf of federal and state agencies, leads to the unmistakable conclusion that Congress intended to limit injunctive relief to those instances in which it expressly authorized it."); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy."); *Mangio*, 887 F. Supp. at 284-85 (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the FTC's discretion to enforce the FCRA).

Declaratory or injunctive relief is not available to private plaintiffs under the FCRA. Accordingly, the requests for such relief contained in Plaintiff's Complaint should be dismissed.

### III. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLASS ALLEGATIONS.

### A. Plaintiff's Class Action Allegations Should Be Dismissed Because She Is A Pro Se Litigant And, Therefore, Cannot Represent A Proposed Class.

Plaintiff, who is not an attorney, purports to bring this case on behalf of herself and "on behalf of the people of the Commonwealth of Puerto Rico of the United States of America." (Doc. No. 1 at 1.)  The law is clear, however, that a *pro se* plaintiff, particularly one who is not an attorney, cannot bring a representative action.  See *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (non-attorney proceeding *pro se* cannot adequately represent class); *Fowler v. Lee*, 18 Fed. Appx. 164, 165 (4th Cir. 2001) (class certification not available when *pro se* litigant proposes to act as representative of class); *Welch v. Terhune*, 11 Fed. Appx. 747, 747 (9th Cir. 2001) (district court properly determined that *pro se* litigant could not prosecute case as class action).

In federal court, a party can represent himself or herself, or be represented by an attorney, but cannot be represented by a non-lawyer.  See *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (*pro se* litigant may not appear as attorney for others); *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 526 n. 4 (S.D.N.Y. 2008) ("A pro se plaintiff may not seek to represent the interests of third parties.") (quoting *Rodriguez v. Eastman-Kodak Co.*, 88 Fed. Appx. 470, 471 (2d Cir. 2004)).  Because Plaintiff is not an attorney, her class allegations should be dismissed.

Equifax also adopts Section III.B.4 of the Experian Motion on this issue.

### B. The Class Allegations Should Be Dismissed Because Plaintiff Is Not A Member of the Putative Class.

Even if Plaintiff's non-lawyer, *pro se* status could be overlooked, her class action allegations remain infirm because she is not a member of her own proposed class.  Indeed, while

8

Plaintiff proposes a class of "the people of the Commonwealth of Puerto Rico," she also alleges that she is a resident of Pennsylvania.  (Doc. No. 77 at 1, 56.)

As such, Plaintiff runs afoul of the most fundamental of class action requirements:  that she be a member of the class she proposes to represent.  For nearly 50 years, the Supreme Court has held that proposed class representatives "cannot represent a class of whom they are not a part."  *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962); *see also East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("As this Court has repeatedly held, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (quotations omitted) (citing cases); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989) ("Under Fed. R. Civ. P. 23, the class representative must be a member of the class he claims to represent."); *Clay v. Miller*, 626 F.2d 35, 347 (4th Cir. 1980) (per curiam) (class certification properly denied where plaintiff "was not a member of the class he purported to represent").

Likewise, federal district courts consistently have applied this bedrock principle.  *See, e.g.*, *Georges v. Accutira Mortgage, Inc.*, 2008 WL 2709125, at *6 (E.D. Mo. May 15, 2008) (dismissing class allegations where plaintiff "is not part of the class and cannot represent it"); *In re Initial Public Offering Sec. Lit.*, 2008 WL 2050781, at *3 (S.D.N.Y. May 13, 2008) ("Plaintiffs have cited no case where a court permitted a class representative that was not a member of the class.  Indeed, I am aware of none."); *Whittum v. Saginaw Co.*, 2004 WL 768901, at *5 (E.D. Mich. Apr. 1, 2004) ("[T]he named plaintiffs are not adequate representatives.  They do not fall within the definition of either of the putative subclasses."); *In re Global Crossing, Ltd. Sec. Lit.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003) ("It is well established that a plaintiff seeking to represent a class must be a member of the class he purports to represent."); *Gerber v.*

9

*Delta Air Lines, Inc.*, 1996 WL 557853, at *5 (N.D. Ga. Aug. 6, 1996) ("It is axiomatic that to be an adequate class representative, plaintiff must be a member of the class he seeks to represent. … Because Plaintiff has not established that he is, in fact, a member of the class he purports to represent, he cannot be considered an adequate class representative."); *Jefferson v. Security Pacific Fin. Services, Inc.*, 161 F.R.D. 63, 70 (N.D. Ill. 1995) ("[T]he class representative must be a member of the class that she seeks to represent.").

Thus, in *Bishop v. Committee on Prof. Ethics*, 686 F.2d 1278 (8th Cir. 1982), the Eighth Circuit reversed certification of a class of all Iowa lawyers who wanted to advertise their services where the named plaintiff was neither living in Iowa nor practicing law in Iowa. "We believe that the conclusion is inescapable that an individual who was not in the State of Iowa, was not practicing law in Iowa, and had sworn that he was unable to practice law and desired to surrender his license to practice could not have been, at the time the class certification was sought, a member of the class of lawyers in Iowa who desired to advertise their legal services." 686 F.2d at 1289; *see also Davis v. Ball Memorial Hosp. Ass'n*, 753 F.2d 1410, 1420 (7th Cir. 1985) (affirming decertification where both named plaintiffs "were not members of the statewide class at the time it was certified"); *Machella v. Cardenas*, 653 F.2d 923, 926 (5th Cir. Unit A 1981) (plaintiff could not represent class "consisting of persons who borrowed money from the S.B.A. after April 1, 1970. Because [plaintiff] did not make a loan after 1969, he is not a member of these classes, and his claim is a fortiori not typical of their claims.").

As the foregoing cases demonstrate, Plaintiff cannot maintain a class action because, as an alleged resident of Pennsylvania, she cannot represent a proposed class of Puerto Rico residents. Whether that infirmity defeats typicality, adequacy, or some other component of Rule 23(a) varies depending on the case. What is indisputable, however, is the uniformity of the cases

rejecting class certification efforts where the proposed representative does not fall within her own class definition. For this reason, Plaintiff's class allegations should be dismissed.

## CONCLUSION

For the reasons set forth above, Equifax requests that its motion be granted and Plaintiff's Complaint against it be dismissed.

This 28th day of April, 2009.

        **s/ Cristina S. Belaval-Burger**
        USDC-PR No. 219809
        E-mail: cbelaval@mocpr.com

        **MARTINEZ ODELL & CALABRIA**
        P.O. Box 190998
        San Juan, Puerto Rico 00918
        Tel.: (787) 753-8914
        Fax: (787) 764-5664

        Counsel for Defendant Equifax Information Services LLC

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system. Non-CM/ECF participants will be notified by regular U.S. mail.

In San Juan, Puerto Rico, this 28th day of April, 2009.

**s/ Cristina S. Belaval-Burger**
USDC-PR No. 219809
E-mail: cbelaval@mocpr.com

**MARTINEZ ODELL & CALABRIA**
P.O. Box 190998
San Juan, Puerto Rico 00918
Tel.: (787) 753-8914
Fax: (787) 764-5664

Counsel for Defendant Equifax Information Services LLC