**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CINTRON-LUNA, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> ARLENE COLLETTE ROMAN-BULTRON, ET AL., <br><br> Defendants. | CIV. NO. 08-1997 (PG) |

**OPINION AND ORDER**

Plaintiff Nayda Cintron-Luna brought this action, pro se, against Defendants alleging multiple claims of negligence and/or fraud. Before the Court are Defendants' Motions to Dismiss (Docket Nos. 16, 19, 30, 40, 48, 61, 65, 76, 79, 84, 85, 87, 89, 90, 94, 97, 111). For the reasons set forth below, the Court **GRANTS** Defendants' requests.

**I. STANDARD OF REVIEW**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. . . . This short and plain statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any

Civ. No. 08-1997(PG)                                                    Page 2

cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

"Yet [the Court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has . . . held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Twombly, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint

Civ. No. 08-1997(PG)                                                    Page 3

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## II. DISCUSSION

### A. Pleading Defects

At the outset, we reiterate the directive of the general rules of pleading that a claim for relief contain a "short and plain statement" of the grounds for the court's jurisdiction and of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a). Plaintiff does not set forth a short and plain statement of the grounds for the Court's subject matter jurisdiction, which are not made clear, and does not establish the multiple corporate defendants' states of incorporation and principal places of business as provided under 28 U.S.C. § 1332, if indeed she is invoking the Court's diversity of citizenship jurisdiction. Plaintiff's claims for relief in her 33-page Complaint, as well as her 56-page Amended Complaint, are neither short nor plain and make our task of deciphering her plausible claims for relief needlessly difficult and time-consuming. We also urge compliance with Federal Rule of Civil Procedure 10 requiring that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10. Plaintiff's Amended Complaint consists of poorly numbered paragraphs that combine different sets of circumstances in a disorganized fashion, even occasionally posing questions laden with speculation having no factual basis.

While pro se litigants' pleadings are to be liberally construed and the Court takes a more lenient stance towards their technical defects, this is no excuse for the failure to make comprehensible the specific claims and facts supporting those claims that would comprise a plausible claim for

Civ. No. 08-1997(PG)                                                    Page 4

relief.  This is especially true in light of Federal Rule of Civil Procedure 9(b)'s command to state the circumstances constituting fraud with particularity, as well as of the recent Supreme Court decisions in <u>Twombly</u> and <u>Iqbal</u> requiring Plaintiffs to plead their claims with greater factual specificity.

Plaintiff's 56-page Amended Complaint simply does not comply with Federal Rule of Civil Procedure 8(a)'s short and plain statement requirement, for which complaints in this Circuit have been previously dismissed without prejudice.  "Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  <u>Sayied v. White</u>, 89 F. App'x 284, 284 (1st Cir. 2004) (<u>quoting</u> <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1998)).  The complaint in this case falls into that category and is "so prolix, redundant and unintelligible that it would have been unreasonable to expect defendants to frame a response to it."  <u>Id.</u>  We are forced to ferret through fifty-six (56) pages of poorly numbered and disorganized paragraphs containing repetitive factual allegations and conclusory statements. "'Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" <u>Id.</u> (<u>citing</u> 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1281 (2d ed. 1990)).

We are given the opportunity to dismiss Plaintiff's Amended Complaint without prejudice for its failure to comply with Rule 8(a)'s "short and plain statement" requirement and we strongly urge Plaintiff to retain counsel in the future to avoid dismissal on procedural grounds.[1]  <u>See</u> <u>Kuehl</u>

---

[1] We also note other procedural faults in the original Complaint, particularly the lack of timely service of process under Rule 4(m), as to the following defendants: Alejandro Oliveras-Rivera (Docket No. 19); Arlene Collette Roman-Bultron (Docket No. 30); Hon. Jose

v. FDIC, 8 F.3d 905, 908-09 (1st Cir. 1993) (upholding the dismissal of a rambling forty-three (43) page complaint).  However, even assuming the Plaintiff has properly invoked the Court's subject matter jurisdiction and stated comprehensible claims for relief, we are persuaded by the defendants' arguments detailed in their numerous motions to dismiss that she has not properly pled a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6) and therefore proceed to dismiss the Amended Complaint with prejudice.

### B. No Plausible Claims for Relief

If there are any discernible claims arising from Plaintiff's factual allegations, they appear to be based on negligence and/or fraud. Plaintiff's narrative concerns the theft of her identity (a federal crime) and can be summarized as a case of negligence and/or fraud allegedly perpetrated by United States Bankruptcy Court staff and financial institutions who purportedly failed to: (1) protect Plaintiff's private information, (2) report or discipline the identity thieves, and (3) provide Plaintiff with confidential financial information upon demand.  Assuming Plaintiff's claims are grounded in negligence and/or fraud, they are nevertheless time-barred under the Puerto Rico tort statute and other relevant federal statutes alluded to by Plaintiff but not clearly cited.

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Rule 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings. Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009).  Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would

---

Carrion (Docket No. 61); Experian Credit Bureau (Docket No. 76); Equifax Credit Bureau (Docket No. 84); Banco Popular (Docket No. 90); and GC Services (Docket No. 94).

warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate. Id.  The statute of limitations for tort actions in Puerto Rico is one year.  P.R. Laws Ann. tit. 31, 5298; see Arturet Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 12 (1st Cir. 2005).  The one year period begins to run once "the claimant is on notice of her claim; that is, notice of the injury, plus notice of the person who caused it." Id. at 14. (internal quotations omitted); see also Rodriquez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997).  "This does not require actual knowledge; it is enough that the would-be plaintiff had notice that would have led a reasonable person to investigate and so uncover the needed information." Arturet Velez, 429 F.3d at 14; Rodriguez-Suris, 123 F.3d at 14-17.

   Plaintiff alleges that during the period starting in October 2004 until June 2006 she discovered the "fraudulent financial transactions" and "made numerous complaints" both to the United States Bankruptcy Court and the financial institutions that Plaintiff personally visited. See Am. Compl. 3-4. The facts make it abundantly clear that Plaintiff had notice of her injury and of the person(s) who caused it during that two year period and as early as October 2004.  Even assuming that Plaintiff only had notice of her injury or of a particular defendant's identity as late as June 2006, Plaintiff's claims are still time-barred under Puerto Rico law.  For, Plaintiff filed her original Complaint on September 4, 2008, more than four years after she initially discovered the identity theft affecting her credit, and more than two years after the end of the period when "fraudulent financial transactions" allegedly occurred.  "Once a plaintiff is made aware of facts sufficient to put her notice that she has a potential tort claim, she must pursue the claim with reasonable diligence, or risk being held to have relinquished her right to pursue it, after the limitation period has run." Rodriguez-Suris, 123 F.3d at 16.

   There are three mechanisms by which prescription of tort actions can be

Civ. No. 08-1997(PG)                                                    Page 7

interrupted or tolled under Puerto Rico's Civil Code, although none are applicable here: (1) By their institution before the courts; (2) by extrajudicial claim of the creditor; and (3) by any act of acknowledgment of the debt by the debtor. P.R. Laws Ann. tit. 31, 5303; see Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009). Even if hypothetically we consider "[making] numerous complaints to the United States Bankruptcy Court" or to the financial institutions "extrajudicial claims" under the meaning of Section 5303,[2] thereby tolling the statute of limitations, Plaintiff's claims are still time-barred by over two (2) years if we begin the prescriptive period as of June 2006, the end of the alleged period of "fraudulent financial transactions." Accordingly, we dismiss Plaintiff's tort claims with prejudice.

Finally, we note that Plaintiff has failed to properly cite and plead potential violations of federal statutes governing credit reporting, particularly the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). Again, even if Plaintiff were to properly demonstrate a violation of the FCRA, her claims would be time-barred under section 1681(p), which contains a two year statute of limitations provision on all claims brought under the act. See 15 U.S.C. § 1681(p). Thus, under either state tort law theories or the FCRA, Plaintiff has sought recovery from this Court too late and has relinquished her rights to pursue her claims. Taking all factual allegations in the Amended Complaint as true and drawing all reasonable inferences therefrom in favor of Plaintiff, we cannot discern any cognizable theory justifying recovery against any of the named defendants.

---

[2] We do not believe that simply complaining to the Bankruptcy Court or to financial institutions in the way Plaintiff alleges she did qualifies as an "extrajudicial claim" as would a formal letter by a tort plaintiff to a tortfeasor complaining of tortious conduct and demanding compensation in line with the identicality requirement set forth in Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009). This identicality requirement has three components: (1) the extrajudicial claim and subsequent complaint must seek the same form of relief; (2) the causes of action asserted in the complaint must be based on the same substantive claims asserted in the extrajudicial claim; and (3) the causes of action must be asserted against the same defendants in the same capacities. Id. None of these elements are here met.

### III. CONCLUSION

For the preceding reasons, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's Complaint and Amended Complaint.  (Docket Nos. 16, 19, 30, 40, 48, 61, 65, 76, 79, 84, 85, 87, 89, 90, 94, 97, 111.)  Accordingly, Plaintiff Cintron-Luna's claims are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered forthwith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 22, 2009.

S/JUAN M. PEREZ-GIMENEZ

U. S. DISTRICT JUDGE